# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0899V
UNPUBLISHED

| | |
|---|---|
| JAN KOONCE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 15, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Wei Kit Tai*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 24, 2020, Jan Koonce filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on January 18, 2018. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, she suffered the residual effects of her injury for more than six months, and no lawsuits have been filed or settlements or awards accepted by anyone, including Petitioner, due to her vaccine-related injury. Petition at ¶¶ 28-30. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 10, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 14, 2021, Respondent filed a proffer

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on award of compensation ("Proffer") indicating Petitioner should be awarded $110,616.28. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $110,616.28 (comprised of $107,500.00 for pain and suffering and $3,116.28 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

        **s/Brian H. Corcoran**
        Brian H. Corcoran
        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAN KOONCE, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 20-899V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 24, 2020, Jan Koonce ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of flu vaccine on January 18, 2018. Petition at 1.

On November 9, 2021, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a shoulder injury related to vaccine administration ("SIRVA") Table injury. ECF No. 33. On November 10, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 34.

**I.    Compensation for Vaccine Injury-Related Items**

   A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $107,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,116.28.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $110,616.28, in the form of a check payable to petitioner.

**III.**    <u>**Summary of Recommended Payments Following Judgment**</u>

Lump sum payable to petitioner, Jan Koonce:    **$110,616.28**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Wei Kit (Ricky) Tai
WEI KIT (RICKY) TAI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 598-7705
Wei.Tai@usdoj.gov

Dated:  December 14, 2021